IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**VICKI MALONE,**

    **Plaintiff,**

                                              Case No.   05-CV-2497 CM/DJW

    **v.**

**C & W STARR CORPORATION,**

**and**

**WSA CORPORATION,**

    **Defendants.**

**AGREED PROTECTIVE ORDER**

By reason of Defendants' affirmative defenses to Plaintiff's stated cause of action in this case, certain business, financial and personnel records of Defendants may reasonably be within the scope of permissible discovery.  Said records may contain confidential proprietary information and/or trade secrets, confidential information regarding the financial status or practices of the corporation as well as private employment information of current and former employees. In addition, during the course of discovery, Plaintiff Vicki Malone may disclose confidential personnel, financial, and/or medical information. The parties agree and the Court finds that those records should be protected from public disclosure unless and until they are received into evidence in this case.  Therefore, pursuant to the Court's authority and based on the agreement of the parties and their counsel, the Court, having taken into consideration the parties' stipulation for a protective order, IT IS ORDERED THAT:

    1.    This Protective Order shall govern the disclosure, distribution and use of all Confidential Records or Information produced in discovery in this case.

2. "Confidential Records or Information" is defined as all business, financial and personnel records that contain confidential proprietary information and/or trade secrets, confidential information regarding the financial status or practices of the corporation as well as private employment information of current and former employees. Said documents shall be marked are marked "CONFIDENTIAL" by the party which desires them to be subject to this Protective Order. If a party fails to mark a Confidential Record or Confidential Information as "CONFIDENTIAL," the party shall not be deemed to have waived its claim of confidentiality and may mark the document or information "CONFIDENTIAL" at a later date after it has learned of its failure to mark said document or information. By abiding by the terms of this order and accepting and using "Confidential Records and Information" a party does not admit to or waive his, her, or its right to contest the confidential and/or proprietary nature of a document or the information contained therein.

3. The parties, their employees, consultants, representatives, agents, experts and counsel of record, as well as all people identified in paragraph 4(a)-(f) shall adhere to this Protective Order. None of them shall distribute or disclose any Confidential Records or Information, or information contained therein or derived therefrom, to any person or entity, except in the strict conformance with the terms of this Protective Order. All copies or versions of Confidential Records or Information shall be subject to the terms of this Protective Order.

4. All Confidential Records or Information covered by this Protective Order shall be used solely for the purpose of this dispute and not for any other purpose whatsoever. No Confidential Records or Information shall be distributed to or disclosed to any person or entity other than Qualified Persons. "Qualified Persons," as used herein, is defined as:

2

 (a)  Counsel, which is defined as counsel of record for the parties in this action, and their paralegals, secretaries, assistants and other employees to whom it is necessary that material be shown;

 (b)  Actual or potential experts or consultants who have signed a document so stating (such signed document to be retained by counsel who has hired such expert);

 (c)  Parties to the lawsuit and their employees, if any;

 (d)  Those persons to whom the parties agree in writing that Confidential Records or Information may be disclosed;

 (e)  Witnesses and potential witnesses; and

 (f)  The Court.

5. Excepting only the Court, before any party or party's counsel shall deliver, exhibit, publish or disclose any Confidential Records or Information to a Qualified Person described in paragraphs 4(b) and/or (d), the party or party's counsel shall provide to such Qualified Person a copy of this Protective Order and shall require such Qualified Person to agree to the terms of this Protective Order. In the event that Confidential Records or Information are to be included in a document, pursuant to D.Kan. Rule 5.4.6, a motion describing said documents generally that are sought to be filed under seal shall be electronically filed. Upon the order of the court authorizing the filing of such documents under seal and which order maybe electronically filed, the document(s) shall be non-electronically filed under seal with the court in a sealed envelope attached to a paper copy of the court's order as provided in D.Kan. Rule 5.4.6.

6. Any deposition testimony, deposition exhibits, interrogatories or answers thereto, requests for admission or answers thereto, or responses to requests for disclosure that reference or contain

any Confidential Records or Information shall be deemed confidential and shall also be covered by this Protective Order without further designation.

7.      If any third party subpoenas or seeks access to or production of protected documents that a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as protected of the pendency of such subpoena or order, and the party from whom discovery is sought shall comply with the terms of this protective order unless and until ordered to do otherwise by a court of competent jurisdiction.

8.      All Confidential Records or Information, and all copies thereof, shall be assembled and returned by each party or party's counsel within ninety (90) days of the conclusion of this litigation whether through final adjudication or resolution through settlement, and counsel for each party shall certify within one hundred twenty (120) days that this comprises all Confidential Records or Information and copies thereof in that party's possession.

9.      The terms of this Protective Order may be modified by stipulation of the parties with Court approval or by order of the Court at any time.

10.     The producing party shall not be restricted from reviewing or otherwise using in the course of their ordinary business any Confidential Records or Information that they have produced.

11.     An inadvertent disclosure by the producing party of any Confidential Records or Information shall not constitute a waiver of this Protective Order.

12.     This Protective Order shall be binding throughout and after the conclusion of this litigation.

13.     Nothing in this Order shall prevent any party or other person from seeking reformation or modification of this Order, or from objecting to discovery that it believes to be otherwise improper.

IT IS SO ORDERED.

Dated this 4th day of April 2006.

                                                s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge


Respectfully submitted,

KIRK D. HOLMAN, P.C.

By: s/Mark A. Buchanan
   Mark A. Buchanan, Ks. Bar. # 13110
   1600 Genessee Street, Suite 851
   Kansas City, MO 64102
   (816) 474-4778
   (816) 283-8739 (FAX)

Attorneys for Plaintiff

HOLMAN, HANSEN & COLVILLE, P.C.

/s/ Kate B. McKinney
William A. Mallory,   Ks. Bar #18068
Kate B. McKinney,   Ks. Bar #19691
10740 Nall Avenue, Suite 200
Overland Park, KS  66211
(913) 648-7272
(816) 303-1533 (FAX)

Attorneys for Defendants